UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.     **CV 23-7245-JFW (RAOx)**                          Date:  September 19, 2023

Title:       Jessie Braham -v- Turner Broadcasting, et al.

**PRESENT:**
            HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

    Shannon Reilly                                None Present
    Courtroom Deputy                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:
            None                                          None

PROCEEDINGS (IN CHAMBERS):    ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ISSUED AND WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO NOTIFY COURT OF RELATED CASE

     The Court has reviewed the dockets in the following three actions filed by *pro se* Plaintiff Jesse Graham ("Plaintiff"): (1) *Jessie Braham v. Turner Broadcasting, et al.,* Case No. 23-7245-JFW (RAOx) (the "*Braham* Action"); (2) *Jesse Graham v Cable News Network Inc.*, Case No. 22-3887-JFW (PDx) ("*Graham II*"); and (3) *Jesse Graham v. Cable News Network Inc.,* Case No. 21-7417-MCS (AGRx) ("*Graham I*"), and concludes that the Complaints filed in all three cases are virtually identical.  The obvious difference between the Complaint filed in the *Braham* Action and Complaints filed in *Graham I* and *Graham II* is that Plaintiff's name has been somehow mysteriously changed from "Jesse Graham" to "Jessie Braham" and Turner Broadcasting has been added as a defendant in the caption only (Cable News Network. Inc. remains the only defendant referred to in the body of the Complaint).  In addition, although Plaintiff's name was changed from "Graham" to "Braham" in the Complaint in the Braham Action, Plaintiff apparently forgot that change and signed the Complaint in the Braham Action as "Jesse Graham."  Plaintiff also forgot to change his name from "Graham" to "Braham" in paragraph 8 of the Complaint in the Braham Action.  *See* Complaint, ¶ 8 (p. 2, line 13).  In addition, the factual allegations in the Complaint in the Braham Action are identical to those in *Graham I* and *Graham II*, including all of the dates, the purported trademark at issue ("USPTO Work #85968717"), and the photographs of Plaintiff and his purported album artwork.  *See, e.g.,* Complaint, ¶¶ 9 and 13.  Finally, Plaintiff's address and phone number are the same in all three cases.

     *Pro se* Plaintiff filed the *Braham* Action on August 28, 2023, well after *Graham II* and *Graham I* were dismissed with prejudice and the appeals were dismissed by the Ninth Circuit.  However, despite having previously filed two identical actions and in an apparent effort to avoid

dismissal of the *Braham* Action as a duplicative action, Plaintiff failed to file a Notice of Related Cases as required by Local Rule 83-1.3.1.  In addition, Plaintiff falsely answered "NO" in response to Section IX(a) Identical Cases of the Civil Cover Sheet, which asks "[h]as this action been previously filed **in this court**?"[1]  Local Rule 83-1.3.1 provides in relevant part:

> It shall be the responsibility of the parties to promptly file a Notice of Related Cases whenever two or more civil cases filed in this District:
>
> (a)   arise from the same or a closely related transaction, happening, or event;
> (b)   call for determination of the same or substantially related or similar questions of law and fact; or
> (c)   for other reasons would entail substantial duplication of labor if heard by different judges.
>
> . . .
>
> The Notice of Related Cases must include a brief factual statement that explains how the cases in question are related under the foregoing factors.  All facts that appear relevant to such a determination must be set forth.
>
> The Notice must be filed at the time any case . . . appearing to relate to another is filed, or as soon thereafter as it reasonably should appear that the case relates to another.

Accordingly, Plaintiff is ordered to show cause, in writing, no later than **September 28, 2023** why the Court should not impose sanctions in the amount of $1,500.00 and/or dismiss this action for failing to file a Notice of Related Cases as required by Local Rule 83-1.3.1 and by falsely answering the questions on the Civil Cover Sheet.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the imposition of monetary sanctions and the dismissal of this action.

IT IS SO ORDERED.

---

[1] Plaintiff also falsely answered "NO" in response to Section IX(b) Related Cases of the Civil Cover Sheet, which asks "[i]s this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?"